## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **DEBBIE S. SPIERS,**<br><br>     **Plaintiff,**<br><br>vs.<br><br>**TROY E. MEINK, Secretary, Department of the Air Force,**<br><br>     **Defendant.** | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Case No. 1:24-CV-169-DAK-CMR<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Cecilia M. Romero |

This matter is before the court on Defendant Troy E. Meink's Motion for Summary Judgment Based on Failure to Exhaust Administrative Remedies [ECF No. 22]. On March 5, 2026, the court held a hearing on the Motion for Summary Judgment. At the hearing, Plaintiff Debbie S. Spiers was represented by David J. Holdsworth, and Defendant Troy E. Meink was represented by Tiffany M. Romney. The court took the motion under advisement. After considering the parties' arguments and the law and facts relevant to the pending motion, the court issues the following Memorandum Decision & Order.

## BACKGROUND

Plaintiff Debbie Spiers was employed by the United States Air Force as a Unit Program Coordinator at Hill Air Force Base. Spiers alleges that on August 15, 2023, the Air Force failed to accommodate her disabilities by failing to place her in a light-duty position and discriminated against her by removing her from federal service.

On August 17, 2023, Spiers contacted an Air Force EEO Counselor regarding her removal. On September 6, 2023, Spiers, through counsel, filed an appeal with the Merit Systems Protection

Board ("MSPB"). On September 13, 2023, Spiers filed a formal EEO complaint with the Air

Force, alleging that her removal was the result of disability discrimination.

On January 5, 2024, the administrative law judge ("ALJ") handling Spier's MSPB appeal

held a status conference with the parties. Because it was unclear whether Spiers had first elected an

EEO remedy or an MSPB appeal, the judge ordered the parties to clarify which of the two

administrative remedies—her formal EEO complaint or her MSPB appeal—she had elected first.

The judge also gave Spiers a deadline for asserting a discrimination affirmative defense in the

MSPB appeal if it was to go forward.

On January 17, 2024, Spiers responded that although she talked to an EEO counselor first,

she did not file a formal EEO Complaint before her MSPB appeal. Therefore, she elected to

proceed before the MSPB and acknowledged that the MSPB had jurisdiction over her appeal. That

same day, Spiers notified the MSPB that she intended to assert an affirmative defense claim of

disability discrimination. Spiers stated in her memorandum in opposition to Defendant's Motion

for Summary Judgment, that the filing of the discrimination claim on that date, "turned her MSPB

appeal into a 'mixed case.'" On January 19, 2024, the ALJ confirmed jurisdiction based on Spiers'

response electing the MSPB process for her mixed case and set discovery deadlines relating to her

disability discrimination claim.

On February 14, 2024, Spiers emailed a sworn declaration responding to questions posed

by the investigator assigned to the formal EEO complaint that she filed with the Air Force. On

March 4, 2024, the ALJ suspended Spiers' MSPB mixed-case pursuant to 5 C.F.R. § 1201.28(d)

because the parties requested that the matter be referred to the MSPB's Mediation Appeals

Program. On March 11, 2024, the Air Force served electronic copies of the EEO Report of

Investigation, a Notice of Rights, and a Request for Hearing form, on Spiers and her counsel

through the agency's secure file exchange application (DoDSAFE). Because the Air Force did not receive confirmation that the documents had been accessed through DoDSAFE, the Air Force served the same documents on Spiers and her counsel by Federal Express on March 18, 2024.

On March 23, 2024, using the Request for Hearing form the Air Force provided, Spiers requested a hearing before the EEOC. In the form, Spiers asserted that she had mailed a copy of the hearing request to Hill Air Force Base's EEO Office and the Air Force's Appellate Review Office (AFCARO). Neither the EEO office nor AFCARO received a copy of Spier's hearing request form. However, Spiers asserts that she mailed the form to the EEOC and also mailed a copy of the form to Hill Air Force Base's EEO Office and the Air Force Civilian Appellate Review Office. She claims that the EEOC sent her an acknowledgement that it had received her Request for Hearing.

The EEOC then allegedly sent a notice to the "Agency." There is no information in the attachment showing to which "Agency" it sent the notice. The EEOC subsequently ordered the "Agency" to submit the investigative file but mistakenly identified the "Agency" as the Department of Defense, not the Air Force. Neither AFCARO nor Hill Air Force Base's EEO Office received a copy of that notice or any subsequent notices from the EEOC until after this action was filed. Spiers acknowledges that she does not have information with which to confirm or dispute whether AFCARO or the EEO Office received copies of the notice. Spiers speculates that the Department of Defense did not forward the request to the Department of the Air Force or notify the EEOC that the notice was sent to the wrong agency.

On June 20, 2024, the Air Force issued its final decision on Spier's EEO Complaint. In the decision's procedural history section, the Air Force stated that it "did not receive an election of a hearing . . . from [Spiers] during the time allowed." The agency electronically delivered its

decision to Spiers and her counsel through DoDSAFE and delivered paper copies to Spiers and her counsel by Federal Express on July 2, 2024. Spiers acknowledges that she received the decision on July 3, 2024.

On June 20, 2024, while the MSPB appeal remained stayed pending mediation, Spiers withdrew her MSPB appeal. On June 25, 2024, the ALJ issued an initial decision dismissing the appeal as withdrawn. That initial decision notified Spiers that the initial decision would become final on July 30, 2024, unless a petition for review was filed by that date. Spiers did not file a petition for review. Spiers had thirty days from the date the decision became final to file a civil action in this court. Spiers initiated this lawsuit on October 16, 2024.

## DISCUSSION

### Defendant's Motion for Summary Judgment

Defendant moves for summary judgment, arguing that Spiers' withdrawal of her MSPB appeal precludes this court from reviewing her discrimination claims in this action because she failed to exhaust her administrative remedies. Spiers, however, argues that the 120-day deadline for the MSPB to rule on a "mixed case" had run and she was able to withdraw her MSPB appeal and file in this court.

A plaintiff asserting employment discrimination claims in district court must first exhaust the administrative remedies available to her. *Cirocco v. McMahon,* 768 F. App'x 854, 859 (10th Cir. 2019) (unpublished). While it is not jurisdictional, exhaustion is a condition precedent to filing suit. *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185 (10th Cir. 2018). "Because it is a mandatory rule . . . the court must enforce this exhaustion requirement if the employer properly raises it." *Hickey v. Brennan*, 969 F.3d 1113, 1118 (10th Cir. 2020).

The Civil Service Reform Act of 1978 ("CSRA"), 5 U.S.C. § 1101 *et seq.* "'establishes a

framework for evaluating personnel actions taken against federal employees.'" *Perry v. Merit Systems Protection Bd.*, 582 U.S. 420, 423 (2017) (quoting *Kloeckner v. Solis*, 568 U.S. 41, 44 (2012)). An employee removed from employment at a federal agency has a right to appeal the agency's decision to the MSPB. *Id.* (citing 5 U.S.C. §§ 1204, 7512, 7701). The employee can assert that the agency had insufficient cause for removal and/or assert that the challenged removal was based on discrimination. *Id.* at 424. If the employee raises a claim of discrimination in an MSPB appeal, it is said to be a "mixed-case." *Id.* For mixed cases, "'[t]he CSRA and regulations of the MSPB and Equal Employment Opportunity Commission (EEOC) set out special procedures . . . different from those used when the employee either challenges a serious personnel action under the CSRA alone or attacks a less serious action as discriminatory.'" *Id.* (quoting *Kloeckner*, 568 U.S. at 45).

Section 7702(a)(1), applicable to mixed cases, states, in relevant part, that "in the case of any employee . . . who—(A) has been affected by an action which the employee . . . may appeal to the [MSPB], and (B) alleges that a basis for the action was discrimination prohibited by [specified antidiscrimination statutes], the Board shall, within 120 days of the filing of the appeal, decide both the issue of discrimination and the appealable action in accordance with the Board's appellate procedures." 5 U.S.C. § 7702(a)(1). Under Section 7702(e)(1)(B), "[n]otwithstanding any other provision of law, if at any time after—(b) the 120th day following the filing of an appeal with the Board under subsection (a)(1) of this section [providing for mixed case appeals], there is no juridically reviewable action . . . ' an employee shall be entitled to file a civil action to the same extent and in the same manner as provided in section 717(c) of the Civil Rights Act of 1964. . . " *Id.* § 7702(e)(1)(B).

In this case, Spiers filed her MSPB appeal challenging her removal on September 6, 2023.

A week later she filed a formal EEO Complaint with the Air Force. On January 5, 2024, the MSPB ALJ held a status conference at which it was unclear to him which of the two administrative remedies she had elected first and whether she intended to pursue a mixed case in the MSPB appeal. The ALJ gave Spiers a deadline for answering those questions, and on January 17, 2024, she clarified that she had filed the MSPB appeal first and she intended to pursue that remedy. She also filed a formal affirmative defense alleging discrimination.

A regular MSPB appeal, governed by 5 U.S.C. § 7701, does not have a deadline for receiving a decision. Only mixed case MSPB appeals, governed by 5 U.S.C. § 7702, have the 120-day deadline. Defendant argues that the 120-day deadline did not begin to run in Spiers' MSPB appeal until she filed the affirmative defense and turned the case into a mixed case. Spiers appeared to accept that assertion in the briefing on this motion, stating that her affirmative defense turned the appeal into a mixed case. But at oral argument on this motion, Spiers argued that she had included enough facts in her initial appeal for the MSPB to realize that she was asserting a mixed case.

Neither party provided the court with case law stating when the 120-day deadline begins to run. Although Defendant claims that the 120-day deadline began to run when Spiers filed her formal affirmative defense asserting discrimination, her initial appeal clearly asserted that her termination was the result of a failure to accommodate her disability. And Section 7702 states that the deadline runs from the filing of a mixed case appeal. However, the court does not need to decide when the 120-day deadline began to run because, even if Spiers had been able to file an action in this court because the 120-day deadline had run, Spiers never filed an action in this court based on the MSPB's failure to act within the 120-day deadline.

Spiers' argument to this court is that she can file an action in this court anytime she choses

if the 120-day deadline has run. However, that argument does not comply with the governing statutes and regulations applicable to the facts of this case. Even if Spiers could have filed a concurrent action in this court based on the expiration of the 120-day deadline, which is debatable she did not do so while that appeal was pending. She continued in the MSPB process, agreed to have it stayed pending mediation, and then filed a motion to withdraw her MSPB appeal, which resulted in final action by the MSPB. The MSPB ALJ issued an initial appeal finding Spiers' voluntary withdrawal to be clear, decisive, and unequivocal and, therefore, dismissed the appeal as withdrawn. That initial decision notified Spiers that the initial decision would become final on July 30, 2024, unless she filed a petition for review before that date. Spiers did not file a petition for review, so the initial decision became a final decision on July 30, 2024. Once there was a final action from the MSPB, Spiers needed to file an action in this court according to the prescribed deadlines. Spiers' argument essentially claims that the 120-day deadline, which Congress enacted to move these types of cases along faster, gives her an unlimited amount of time to file an action in this court. Even if it could be argued that the final MSPB action was not a judicially reviewable decision, the 120-day deadline for mixed case appeals cannot provide an employee who chooses to withdraw her MSPB appeal more time to initiate an action in this court than an employee who has fully exhausted the MSPB process. Spiers could have brought a concurrent action in this court at any time she believed the 120 days had passed in the MSPB process, but she cannot voluntarily end that process and then claim an unlimited amount of time to file an action in this court. She is restrained to the same timeline as any other employee going through the process.

Pursuant to 5 U.S.C. § 7703(b)(2), Spiers had 30 days to file a civil action in this court after she received the MSPB's final action. *See also* 29 C.F.R. § 1614.310(a). Spiers was notified that the decision was considered final on July 30, 2024, if she did not file a petition for review. She did

not file a petition for review. Therefore, she had until August 29, 2024, to file an action in this court. Because she did not file an action in this court until October 16, 2024, this action is untimely and must be dismissed. Spiers never took timely action to exhaust her administrative remedies with her MSPB appeal or to pursue judicial review of her MSPB appeal in this court.

This case is somewhat convoluted because Spiers pursued an EEO Complaint at the same time she was pursuing her MSPB appeal. In *Punch v. Bridenstine*, 945 F.3d 322 (5th Cir. 2019), the plaintiff tried to choose all the avenues for challenging her removal and the Fifth Circuit held that the federal agency was not estopped from challenging her bifurcation even though the agency's EEO office mistakenly adjudicated her complaint. *Id.* at 329. As the Fifth Circuit explained, after the MSPB adjudicates a mixed-case appeal, "an employee who wants to pursue the mixed case must do so by taking the entire thing to district court . . . or the EEOC" but "in no circumstance can the employee bifurcate or trifurcate her mixed case between these options." *Id.* at 331.

In this case, Spiers did not elect to proceed with the EEOC after she withdrew her MSPB appeal. Her EEO Complaint was decided June 20, 2024, the same day she moved to withdraw her MSPB appeal. Defendant argues that the EEO proceedings are legal nullities. But even if she was allowed to pursue both remedies because she relied on Defendant's processing of her EEO Complaint, it does not shield her from following the deadlines applicable to each remedy. Even if Spiers' EEO claims were properly resolved by the Air Force, she failed to timely initiate this action within 90 days of receiving the agency's final decision as required by 29 C.F.R. § 1614.407(a). In this case, the Air Force issued its final decision electronically on June 20, 2024. It is undisputed that Spiers got the decision in paper no later than July 3, 2024. Therefore, she was required to initiate this action by October 1, 2024. She did not file this action until October 16,

8

2024. Therefore, this action is also untimely with respect to her EEO Complaint.

Accordingly, the court finds that Spiers' action in this court was untimely filed, and she has not demonstrated that any facts or law excuse that delay. Therefore, the court grants Defendants' Motion for Summary Judgment.

## CONCLUSION

Based on the above reasoning, Defendants' Motion for Summary Judgment [ECF No. 22] is GRANTED. The court will enter judgment in favor of Defendant and close this action.

DATED this 12th day of March 2026.

BY THE COURT:

DALE A. KIMBALL
UNITED STATES DISTRICT JUDGE